

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 2 9 2012

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

Page 1 of 10

IN UNITED STATES DISTRICT COURT
EASTERN ARKANSAS DISTRICT COURT
WESTERN DIVISION

DEROTHA WEBB                                                              PLAINTIFF

VS.                                          No. 4:12 cv 400 Sww

CENTERS FOR YOUTH AND FAMILIES INC.; JAN SIMMS INDIVIDUALLY AND
AS  PROGRAM MANAGER FOR CENTERS INC; DOUG STADTER
INDIVIDUALLY AND AS CEO FOR CENTERS INC;
DEFENDANTS

## COMPLAINT

COUNT I  JURISDICTION

This case assigned to District Judge _Wright_
and to Magistrate Judge_____Keaouey_

1. This court has jurisdiction pursuing to 28 U.S.C. 1331 and 28 U.S.C 1343.


2. Jurisdiction is also invoked pursuing to 42 U.S.C 2000e for instances 5 TITLED VII of

civil rights act of 1964( as ammended).


3. Plaintiff also invoked the jurisdiction pursuing to amendments 4, 5, 13 and 14 of the

United States constitution amendments.


4. Plaintiff request this court adjudicate her Arkansas civil rights act of 1933 pursuing to

28 usc 1367.

Page 2 of 10

5.  plaintiff has ajudicate her state law claims to agreeing contract. and working discharge.

6. the venue is proper as all actions took place in the eastern district of Arkansas thus venue its proper under 28 usc . justice court has venue pursuing to act 1331.

7. Defendant, Centers for Youth and Families, Inc. is an employer subject to the TITLE VII civil rights act of  1964 (as amended)  as it has 15 employees.

8. Plaintiff filed a TIMELY CHARGE OF DISCRIMINATION which is attached to this complaint.

9. plaintiff received a right to sue letter on march 31 2011 which was dated march 26 2011, plaintiff institute within the 90 day time.

10. Plaintiff instituted this lawsuit of action united by 90 days the eastern district.

## II. PARTIES

11. the parties are:

Page 3 of 10

A. Plaintiff Derotha Webb a black female citizen of Arkansas who reside in little rock
Arkansas.

B. Defendants are:

1. Centers for Youth and Families, Inc. located at 6601 W. 12th St. little rock Pulaski
county Ar. 72204. defendant is a non profit corporation its agent for service is Doug
Stadter 5905 Forest Place Little Rock Pulaski county Ar. 72205.

2. Doug Stadter, CEO of the Centers for Youth and Families, Inc. Services his address is
5905 Forest Place Little Rock Ar. 72205.

3. Jan Simms Program Manager for Centers for Youth and Families, Inc. She may be
served at 6601 W. 12th St. little rock Pulaski county Ar. 72204.

COUNT. III                                          FACTUAL BACKGROUND

12. Plaintiff incorporates by reference Paragraphs 1-11 listed above as if set out word for
word herein, and respectfully shows the court the following:

13. In January 2011 on a Friday I was scheduled to report to work at the centers for youth
and families located 6601 west 12th street Little Rock Arkansas.

Page 4 of 10

14. Because of the icy road condition I was on interstate 630 headed west and I could not proceed any further, I found myself on the shoulder of interstate 30 where I called my supervisor Jan Simms informing her of the icy road conditions in the fact I could not make it for my shift.

15. Ms. Simms stated that I needed to make it to work, I informed her I was in the process of trying to get to work but the icy road condition prevented me.

16. I did not make it to work that day and Mrs. Simms placed a disciplinary statement in my personnel file.

17. I filed a grievance with the human resources office.

18. I then appealed the decision Jan simms for placing displinary action in personnel file in human resources which affirmed the disciplinary steps which I then appeal to Doug Stadter chief CEO of centers for youth and families, Inc.

19. Mr. Stafford affirmed of the decision of human resources and Jan Simms taken,

20. Mrs. Simms did not care for the fact that I had challenged her decision of placing negative statements in my personal file.

21. I have worked for the centers of youth and families for over 15 years without disciplinary actions.

22. Friday April 8, 2011 I received a phone call from Simms that stated I was off the schedule for the weekend at 4:54 p.m.

23. I asked Mrs. Simms what polices of procedure I had violated.

24. Mrs. Simms stated we would talk about next week when we meet.

25. I then stated to Mrs. Simms that it must be very serious to take me off the work schedule and Mrs. Simms stated that it was.

26. I asked if I needed to bring counsel to the meeting on April 14, 2011 and Mrs. Simms stated "no."

27. On April 14 2011 I appeared at the centers office with my counsel.

28. I informed the receptionist that I had Counsel Mrs. Simms stated "I am not going to meet with you with a lawyer; you are off the schedule this weekend."

Page 6 of 10

29. Simms said "I would not need a lawyer and would schedule the meeting for next week."

30. On April 19th 2011 I addressed a letter to Mrs. Simms and Ms. Melissa Dawson of the centers for youth and families, inc.

31. In order to meet with Human Resources and Ms. Jan Simms I requested 2 things;

32. A copy of the Personnel Policy of Centers for Youth and Families, this needed to be provided to me as I couldn't access the agencies computer. I will pick up the personal policy at the Human Resources receptionist desk as soon as it was made available.

33. I needed a copy of the Personnel Policy or any other policy that I allegedly violated, when it occurred and who was involved.

34. I never did see a reply from human resources or from Jan Simms my letter dated April 20 2011.

35. On about April 29th 2011 I received a letter dated April 20th 2011 a letter terminating me.

Page 7 of 10

36. On May 4th 2011 I filed a grievance of my termination to Juanita flood/ Nurse Supervisor.

37. I received a letter dated May 16th 2011 from Jan Simms stating that she was upholding my termination.

38. The letter from Mrs simms dated may 16 2011 did not inform me of any right to appeal nor did it give me a time limit.

39. Since I was no longer an employee and did not have access to the policies and procedures of the centers of families and children services as the policies and procedures can only be accessed from the computer database contained on the centers property.

COUNT IV.   FEDERAL CLAIMS

40. Plaintiff incorporates by reference Paragraphs 1-39 listed above as if set out word for word herein, and respectfully shows the court the following:

41.  Plaintiff was discharged due to her race, color, sex, and age for retaliating against and her disabilities. As white persons similarly situated white employees were not discharged for exorcising the state and federal constitution of rights.

Page 8 of 10

42. Plaintiff is a black female, dark skinned in nature and defendant Centers and Families Inc. board are totally controlled by the white persons. Who dominates this board and upper managements all the others are white as Doug is a white male and Jan Simms is a white female.

43. The defendants subjected plaintiff to a pattern of retaliatory conduct, due to her opposition to discriminatory practices, which were being committed by the defendants, in violation of Title VII of the Civil Rights Act of 1964 (as amended), which is codified at

42 U.S.C. & 2000e *et seq.*, and that said act of retaliation constitutes an unlawful employment practice as that term is defined by Title VII.

44. Furthermore clear the defendant violated the amendment above because of plaintiff's race, color, sex, age, disabilities and retaliation.

45. Plaintiff is a member of a protected class she was retaliated against for using the employee grievance system because of her race, color, sex, age, retaliation and disabilities.

46. Plaintiff is a black female Over 40 years of age with over 27 years in United states retired as a colonel and a nurse for over 40 years.

Page 9 of 10

47. Plaintiff was never given a name of any alleged person or client where a restraint was improperly used. This information only came to the plaintiff's attention in a EEOC investigation.

48. Plaintiffs due process rights were violated under the Arkansas and United states constitution. Plaintiffs rights were violated under amendments 4, 5, and 15.

49. Plaintiff was wrongfully discharged and her contract was breached under Arkansas law.

50. Plaintiff's right to contract was deprived because of her race and color. She was not allowed to contract to sue and be sued in violation of 42 U.S.C.  1981 Plaintiff was deprived of her property rights and intellectual rights because of her race and color.

51. The above demonstrates an unyielding racial discriminatory attitude toward plaintiff by the defendants by plaintiff because of her race, color, sex, age, disabilities, and retaliation.

52. Defendants engage in a conspiracy to violate plaintiffs rights under title vii,  united states code, in the constitutional titled above to release an understanding to violate plaintiffs rights.

Page 10 of 10

53. Plaintiff is entitled to damages which include back pay, front pay, money for loss of promotion retirement social, security, vacation, etc.

54. Plaintiff is entitled to attorney fees and cost pursuing to the civil rights attorney fees act, 42 U.S.C. 1988.

54. Plaintiff request that the Court adjudicate her state law claims for wrongful discharge and breach of contract WHEREFORE, plaintiff, Derotha Webb praised that the court grant the relief requested above or requested and granted her injunctive relief pursuing to 42 U.S.C. 2000e 1981 and 1982 of unjustified relief.

DEROTHA WEBB

 1000 Madison St.

Little Rock Ar.

72204

 (501)960-2468

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

*Rec'd 3/30/12*

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Derotha Webb**<br>**Po Box 1441**<br>**Little Rock, AR 72203** | From: | **Little Rock Area Office**<br>**820 Louisiana**<br>**Suite 200**<br>**Little Rock, AR 72201** |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2012-00015** | **Chris E. Stafford,**<br>**Investigator** | **(501) 324-5812** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*William Cash (signature)*        3-26-2012

Enclosures(s)

**William A. Cash, Jr.,**
**Area Office Director**       *(Date Mailed)*

cc:

| **Melissa Dawson**<br>**HR Director**<br>**CENTERS FOR YOUTH AND FAMILIES**<br>**5800 W. 10th Street**<br>**Little Rock, AR 72204** | **DEBBY THETFORD NYE**<br>**KUTAK ROCK LLP**<br>**234 EAST MILLSAP ROAD, SUITE 400**<br>**FAYETTEVILLE, ARKANSAS 72703-4099** |
|---|---|

Enclosure with EEOC
Form 161 (11/09)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10 – not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> **of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*